COMMONWEALTH *vs.* TIMOTHY W. MAHER.

Middlesex. April 2, 1990. - July 12, 1990.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Metropolitan District Commission. Arrest. Motor Vehicle*, Operating under the influence. *Woburn. Statute*, Construction.

COMPLAINT received and sworn to in the Woburn Division of the District Court Department on March 15, 1988.

A motion to dismiss was heard by *Henry A. Tempone*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Wendy Murphy*, Assistant District Attorney, for the Commonwealth.

*Virginia Lawton Duffett* for the defendant.

LIACOS, C.J. This is the second of two cases we decide today involving the territorial jurisdiction of Metropolitan District Commission (MDC) police officers. The defendant was arrested by an MDC police officer and charged with various motor vehicle violations. A District Court judge ruled that the police officer was without authority to arrest the defendant, and dismissed the complaints against the defendant. We reverse.

We summarize the facts. At 11 P.M. on March 14, 1989, MDC Officer Ronald Brush was in his car in the driveway of his Woburn home preparing to go to work. At the time, it was dark and snowing heavily. Officer Brush observed the defendant's automobile pass by his house at a high rate of speed without its headlights illuminated. The speed limit in the area was thirty miles per hour. Officer Brush pursued the vehicle, and, after following it for approximately one-half mile, observed the car pass without stopping through an intersection with a stop sign. The defendant subsequently pulled his vehicle over to the side of the road.

The police officer identified himself, explained to the defendant why he was being stopped and asked him for his driver's license and registration. The defendant got out of his vehicle, identified himself, gave Officer Brush his license, but could not produce the registration for his motor vehicle. Officer Brush noticed that the defendant had glassy eyes, smelled strongly of alcohol, and spoke in a slurred and lethargic manner. The defendant refused to perform field sobriety tests. Officer Brush went to a nearby house and asked the occupant to notify the Woburn police department that he needed assistance conducting field sobriety tests. With the assistance of Woburn police officers, Brush conducted field sobriety tests, which the defendant failed to perform satisfactorily. The defendant was placed under arrest. He was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1988 ed.); operating a motor vehicle negligently so as to endanger in violation of G. L. c. 90, § 24; operating a motor vehicle with defective equipment in violation of G. L. c. 90, § 7 (1988 ed.); and speeding in violation of G. L. c. 90, § 17 (1988 ed.). A District Court judge dismissed the complaints, holding that Officer Brush acted outside of his territorial jurisdiction when he stopped and arrested the defendant. We took this case on our own motion.

As in *Commonwealth* v. *Whelan, ante* 29 (1990), we look to G. L. c. 92, § 61 (1988 ed.), to determine the scope of Officer Brush's territorial authority. Section 61 provides:

"The police appointed or employed by the commission . . . shall have within the metropolitan parks district, [and] *within the cities and towns outside said district wherein property owned by or under management or control of the division of watershed management or the Massachusetts Water Resources Authority [MWRA] is situated* . . . all the powers of police officers and constables of towns of this commonwealth" (emphasis supplied). The parties agree that Woburn is not "within the metropolitan parks district." The parties also agree that the MWRA owns and operates underground waterpipes in Woburn.[1] We must determine whether the MWRA's ownership and operation of those waterpipes is sufficient, under the statute, to establish MDC police officers' jurisdiction in Woburn. We conclude that it is.

The statute confers jurisdiction "within the cities and towns outside said district," and identifies those cities and towns immediately afterwards with a qualifying clause. See *Commonwealth* v. *Whelan, supra* at 31. That clause reads, in relevant part, "wherein property owned by or under management or control of the [MWRA] is situated." When the condition described in that clause is satisfied, i.e., when property owned by or managed or controlled by the MWRA is situated within the city or town, then MDC police officers have authority within that city or town.

Pursuant to St. 1984, c. 372, § 4 (*a*), the MWRA obtained "ownership, possession and control of the system personal property [2] as it relates to the sewer and waterworks system," which had been in the possession and control of the MDC. The MWRA, pursuant to St. 1984, c. 372, § 4 (*c*), obtained the right to "enter, use, improve, operate, maintain and manage . . . system real property."[3]

---

[1]See St. 1984, c. 372, § 4 (*d*).

[2]Statute 1984, c. 372, § 2 (*q*), defines "system personal property" as "all personal property held by or on behalf of the commonwealth in the MDC sewer system and the MDC water system, including, without limitation, all equipment, machinery, vehicles and appliances."

[3]"System real property" is defined by St. 1984, c. 372, § 2 (*r*), as "all real property held by or on behalf of the commonwealth immediately prior

In the same MWRA enabling statute, the Legislature re-enacted the current version of G. L. c. 92, § 61, which deals with MDC police officers' authority, adding the reference to the MWRA in the clause referring to "property owned by or under management or control of." St. 1984, c. 372, § 45. It appears to us that the Legislature was fully aware that it was conferring a relatively broad scope of jurisdiction on the police officers when it provided that MWRA ownership, management, or control of property within a town or city can confer jurisdiction to the MDC police within the entire city or town in which that property lies.

Our interpretation is bolstered by the second paragraph of G. L. c. 92, § 61. That paragraph provides: "The police appointed or employed by the commission . . . shall have exclusive jurisdiction on and within all property of . . . the [MWRA]." When read in conjunction with the first paragraph, the second paragraph signifies that, while MDC police officers generally have concurrent jurisdiction with State and local police officers in the towns and cities in which MWRA property is situated, MDC police officers have exclusive jurisdiction on MWRA property itself. A contrary reading would render meaningless the provision in the first paragraph allowing for jurisdiction in the towns and cities wherein property is owned, managed, or controlled by the MWRA. We seek to avoid a construction which would make statutory language meaningless. See *Risk Management Found. of the Harvard Medical Insts.* v. *Commissioner of Ins.*, 407 Mass. 498, 503 (1990); *Crocker* v. *Martha's Vineyard Comm'n*, 407 Mass. 77, 83 (1990).

The defendant argues that, "[w]hile the MDC police can properly patrol the area and/or arrest persons tampering with or obstructing the waterworks, it does not follow that the MDC police have the unlimited authority to pursue and arrest someone who is not interfering with the operation of

to the effective date of this act in and for the MDC sewer system and the MDC water system, including all land, easements, and other interests in real property, including, without limitation, real property interests in buildings, structures and improvements and in sources of water supply."

the waterworks or sewerage systems." The Legislature did not limit the MDC police's authority to dealing with persons tampering with or obstructing the waterworks. Rather, the Legislature granted MDC police officers "all the powers of police officers and constables of towns of this commonwealth." G. L. c. 92, § 61. The statute requires that property controlled, managed, or owned by the MWRA be situated in the town or city in order for authority to exist. It does not restrict that authority to the locus of that property.

Because the MWRA owns and operates underground waterpipes in Woburn, Woburn is a city under the statute in which MDC police officers have jurisdiction. Because Officer Brush had authority within Woburn to stop and arrest the defendant, the judge improperly dismissed the complaints.[4] The order of the judge is reversed and the case is remanded for further proceedings.

*So ordered.*

---

[4]The defendant did not raise any issues regarding Officer Brush's off-duty status at the time of the incident in question.