410 Mass. 307                                                307

Plymouth County Retirement Association *v.* Commissioner of Public Employee Retirement.

PLYMOUTH COUNTY RETIREMENT ASSOCIATION & another[1]
*vs.* COMMISSIONER OF PUBLIC EMPLOYEE RETIREMENT.

Plymouth. February 6, 1991. - June 4, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Statute,* Construction. *Commissioner of Public Employee Retirement. Retirement. Public Employment,* Retirement.

The Commissioner of Public Employee Retirement had authority under
G. L. c. 32, § 21 (4), to review the approval by local retirement boards
of applications for accidental death benefits. [309-312]

CIVIL ACTION commenced in the Superior Court Department on September 19, 1988.

The case was heard by *Robert S. Prince,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Ruth A. Bourquin,* Assistant Attorney General, for the Commissioner of Public Employee Retirement.

*Thomas A. Hickey, III,* for Plymouth County Retirement Association.

*Gregory F. Galvin,* for the intervener, was present but did not argue.

LIACOS, C.J. The plaintiff, the Plymouth County Retirement Association (Plymouth board), and the intervener, the Brockton retirement board (Brockton board), sought and obtained a declaratory judgment against the Commissioner of Public Employee Retirement (commissioner) for exceeding "his statutory authority under G. L. c. 32, § 21 (1) (*d*) [1988 ed.] by remanding the boards' decisions to award death bene-

---

[1]The Brockton retirement board filed a motion to intervene which was allowed.

fit allowances pursuant to G. L. c. 32, § 9 [1988 ed.]." The commissioner appealed. We granted a joint application for direct appellate review. We reverse.

The facts are not contested. In May, 1988, the Plymouth board approved the request of Mary E. Keyes for accidental death benefits pursuant to G. L. c. 32, § 9, following the death of her husband, William H. Keyes, Sr., a police officer in Marshfield. The commissioner remanded the matter to the board, finding that the decision to approve the request was "unsupported by substantial evidence." The commissioner instructed the board to submit the case to a neutral physician for further review. The Plymouth board noted its disagreement with the position of the commissioner and refused to submit the case to a neutral physician. The matter was deadlocked following the commissioner's refusal to act on the matter until the board complied with his instructions.

Similar circumstances arose when, in March, 1988, the Brockton board approved the request of Phyllis Hancock, widow of police officer Maurice W. Hancock, for accidental death benefits pursuant to G. L. c. 32, § 9. The commissioner determined that the board's finding was unsupported by substantial evidence and remanded the matter to the board for review by a neutral physician. In response, the Brockton board challenged the commissioner's authority under G. L. c. 32, § 21 (1988 ed.), to review a grant of accidental death benefits by a local board, and asserted that its determination to award benefits was based on proper proof. The commissioner indicated that his position remained unchanged. The Brockton board reasserted its claim that the commissioner exceeded his authority, and reaffirmed the approval of Hancock's claim.

The Plymouth board filed a complaint seeking a declaratory judgment in Superior Court in Plymouth County on September 19, 1988. After the Brockton board's motion to intervene was allowed, its members filed a similar complaint on June 8, 1989. The parties filed cross motions for summary judgment. On April 9, 1990, the commissioner's motion was denied, and the motion for summary judgment by the boards

was allowed. A declaratory judgment was entered that the commissioner had exceeded his authority under G. L. c. 32, § 21 (1) (*d*).

In resolving this appeal, "[w]e follow a principal rule of statutory interpretation that we need not look beyond the words of the statute where the language is plain and unambiguous. '[T]he statutory language itself is the principal source of insight into the legislative purpose.' *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977)." *State Bd. of Retirement* v. *Boston Retirement Bd.*, 391 Mass. 92, 94 (1984).

The commissioner claims that he has the authority to review the approval by local retirement boards of applications for accidental death benefits based on provisions in G. L. c. 32, § 21 (3)-(4), set out in the margin.[2] The provisions of

---

[2]General Laws c. 32, § 21 (3) (1988 ed.), provides in pertinent part: "*Duties of the Actuary.* — The commissioner or his actuary or other agent with his approval shall be the technical advisor of the board of each such system in matters relating to the applicable provisions of this chapter, and in matters relating to the operation of the system, and shall perform such actuarial duties as are required in connection therewith, including, but not limited to:—

"(*a*) the approval of the amount of allowances under the provisions of said chapters, provided, however, that in the case of any system which calculates allowances with an automated system, the actuary shall instead review and approve said automated system, and any allowances calculated by an approved automated system shall be deemed to have been approved by the actuary; provided, further, that for any such system which calculates such allowances with an automated system, the commissioner may require from time to time and the system shall provide any additional information relative to the use of such automated system that the commissioner may deem appropriate; and provided, further, that any system failing to submit any such allowances for review shall be subject to such intervention and supervision as the commissioner deems necessary pursuant to the provisions of subdivision (1);

. . .

"(*e*) such other investigations as the commissioner shall deem necessary. . . ."

General Laws c. 32, § 21 (4) (1988 ed.), provides: "*Promulgation and Approval of Rules and Regulations.* — The commissioner of public employee retirement shall promulgate such rules and regulations as he may deem necessary from time to time to effectuate the purposes of this chapter, and he or his agent *shall approve any by-laws, rules, regulations, pre-*

310                         410 Mass. 307

Plymouth County Retirement Association *v.* Commissioner of Public Employee Retirement.

G. L. c. 32, § 21 (3), relate to the commissioner's duties in an actuarial capacity and are not, as the commissioner argues, broad general grants of review authority. The review authority in § 21 (3) extends at most to the commissioner's ability to review technical calculations and other factors by which a board determines the amount of a benefit or pension to be granted. Thus, his argument gains no sustenance from this statutory provision.

By contrast, the provisions of G. L. c. 32, § 21 (4), have broader application. The first part of the subdivision relates to the commissioner's rule-making authority: "The commissioner of public employee retirement shall promulgate such rules and regulations as he may deem necessary from time to time to effectuate the purposes of this chapter . . . ." The second half of the same sentence contains a broad grant of review authority: "and [the commissioner] or his agent shall approve any by-laws, rules, regulations, prescribed forms or determinations of any board in order to effectuate such purposes." This approval power, the commissioner contends, permits review of local board determinations to allow applications for accidental death benefits.

The Plymouth and Brockton boards argue that the more specific provisions in G. L. c. 32, § 21 (1) (*d*), control the broad general provisions of subdivision (4).[3] The local retire-

---

scribed forms or determinations of any board in order to effectuate such purposes" (emphasis supplied).

[3]General Laws c. 32, § 21 (1) (*d*) (1988 ed.), provides: "(1) *Duties of the commissioner of public employee retirement.* — . . . (*d*) The commissioner of public employee retirement is authorized to review *all accidental and ordinary disability pensions granted by the retirement boards.* The commissioner may remand the matter with written instructions to the retirement board for further proceedings if he finds that the decision of the board is (1) made upon unlawful procedure, (2) unsupported by substantial evidence, (3) arbitrary and capricious, or (4) a result of fraud or misrepresentation. The commissioner shall take such action within thirty days of the date when he is notified by a retirement board of the granting of such pension. If within such time period, the commissioner takes no action, the determination of the retirement board shall be considered to have been approved by the commissioner. The commissioner shall make a written decision, include a statement of the reasons therefor, and send copies thereof to the board and to the applicant." (Emphasis supplied.)

410 Mass. 307                                           311

Plymouth County Retirement Association *v.* Commissioner of Public Employee Retirement.

ment boards' arguments are not without some force.[4] In particular, the boards point out that, when the Legislature enacted St. 1982 c. 630, §§ 17, 18, and 25, amending c. 32, §§ 6, 7, and 21, to include references to the commissioner's review and remand power as it applied to accidental retirement and ordinary disability retirement pensions, the amendment conspicuously did not include review of accidental death benefits. The boards argue that the Legislature did not intend accidental death benefit allowances to be reviewable because the Legislature presumably wanted to avoid procedural delays and "red tape" in the processing of payments to bereaved spouses or other beneficiaries. This argument is not persuasive, however, because it overlooks G. L. c. 32, § 12A (1988 ed.), which provides for payments to certain beneficiaries pending the determination of accidental death benefits.

The boards argue also that legislative expression of one thing is an implied exclusion of another. See *Simmons* v. *County of Suffolk*, 230 Mass. 236, 237 (1918). If the legislative expression, here a grant of review authority, were the *only* grant of authority in the area, such a maxim of statutory construction might be persuasive, but § 21 (4) also grants review authority in a broader sense. Thus, § 21 (1) (*d*) controls § 21 (4) only to the extent that review of accidental and ordinary disability pension determinations is con-

---

Ordinary disability retirement pensions and accidental disability retirement pensions are provided by G. L. c. 32, §§ 6, 7, respectively.

[4]We pause to note that the placement in the statute of the commissioner's purported general review authority is peculiar. It might have been more appropriately placed in subdivision (1), entitled "*Duties of commissioner of public employee retirement*," rather than subdivision (4), entitled "*Promulgation and Approval of Rules and Regulations*." See *American Family Life Assurance Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 474 (1983) (title of act does not control plain provisions of act but may aid in interpreting ambiguous clauses), and cases cited therein. This is so particularly in light of the provision in § 21 (1) (*d*) which specifies the grounds for the commissioner's review and remand powers vis-à-vis accidental and ordinary disability pension allowances.

cerned. See *Appleton* v. *Massachusetts Parking Auth.*, 340 Mass. 303, 309 (1960).

The boards contend that § 21 (1) (*d*) necessarily limits the general review powers claimed by the commissioner under § 21 (4). The boards appear to argue that § 21 (1) (*d*) and § 21 (4) are directly conflicting, cannot be read harmoniously, and therefore the more restrictive provision must control the more general one. We are faced with a broad grant of review authority vested in the commissioner and a more particular review authority with regard to accidental and ordinary disability pensions. Where possible, we will read overlapping and seemingly inconsistent provisions as harmoniously as possible in order to give effect to both provisions. "All the words of a statute are to be given their ordinary and usual meaning, and each clause or phrase is to be construed with reference to every other clause or phrase without giving undue emphasis to any one group of words, so that, if reasonably possible, all parts shall be construed as consistent with each other so as to form a harmonious enactment effectual to accomplish its manifest purpose." *Selectmen of Topsfield* v. *State Racing Comm'n*, 324 Mass. 309, 312-313 (1949). "Barrenness of accomplishment is not lightly to be imputed to the legislative branch of the government." *Id.* at 314. Where one provision is more restrictive in a particular area, then that provision controls in that area. All areas covered under the general provision and not covered by the particular provision are unaffected by the particular provision. This way, both provisions can be given effect, with neither rendered nugatory. See *Manning* v. *Boston Redevelopment Auth.*, 400 Mass. 444, 453 (1987); *Adamowicz* v. *Ipswich*, 395 Mass. 757, 760 (1985).

We reverse the grant of summary judgment in favor of the Plymouth and Brockton boards, and set aside the accompanying declaratory judgment. The case is remanded for entry of a declaratory judgment in favor of the Commissioner of

Public Employee Retirement in accordance with the terms of this opinion.

*So ordered.*