## COMMONWEALTH *VS.* JAMES SUPER.

Suffolk. April 4, 2000. - May 12, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, SPINA, & COWIN, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Constitutional Law,* Double jeopardy, Separation of powers. *Practice, Criminal,* Continuance, Empanelment of jury, Required finding. *Jury and Jurors. Statute,* Construction. *District Attorney.*

A Superior Court judge abused her discretion in denying the Commonwealth's motion for a continuance, in circumstances in which the parties received very short notice of the trial date and it was not possible for witnesses to be available. [496-497]

There is no statutory or constitutional bar to a judge's adding, on the judge's own motion, a case to a criminal trial list or beginning empanelment proceedings without a motion for trial by the Commonwealth. [497-499]

At a criminal trial in which the prosecutor refused to participate in the proceedings, rather than preserving the record of any objection to the commencement of the trial and requesting a stay to seek relief pursuant to G. L. c. 211, § 3, the judge did not err in granting the defendant's motion for a required finding of not guilty after the prosecutor refused to call any witnesses or introduce any evidence. [499-500]

Where a criminal defendant was placed in jeopardy by the empanelment and swearing of a jury and the judge granted the defendant's motion for a required finding of not guilty after the prosecutor refused to participate in the proceedings, principles of double jeopardy barred retrial of the case. [496, 500]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 16, 1998.

The case was heard by *Ireland,* J.

*Anthony Annino* for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The Commonwealth sought relief from a single justice of this court pursuant to G. L. c. 211, § 3, from a decision of a Superior Court judge ordering a required finding of not guilty for the defendant, James Super. The single justice ruled that the motion was properly before him pursuant to G. L.

c. 211, § 3, and granted the Commonwealth's petition for relief. The defendant now appeals from this judgment. We agree that the Commonwealth correctly invoked the extraordinary powers under G. L. c. 211, § 3. See note 5, *infra*. We vacate the judgment of the single justice and affirm the required finding of not guilty ordered by the Superior Court.

1. The prior proceedings in this case are unusual. On May 21, 1998, the defendant was indicted for assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (*b*). A pretrial conference report was filed on July 14. The defendant filed several pretrial motions on August 24.

On September 4, an earlier indictment in an unrelated case against the defendant was transferred for trial on September 10 and the instant case was assigned to follow the earlier case. Also on September 4, the instant case was continued for status to September 10, by agreement.

The jury returned a verdict of not guilty on the earlier indictment on September 14. On that same day, a Superior Court judge conducted a hearing on the defendant's motions in the instant case and held this case for trial to follow another case (involving a different defendant)[1] on September 17. The following day, September 15, the instant case was sent to the session for trial on September 16.

The Commonwealth moved for a continuance. At approximately noon on September 16, the judge held a hearing on the Commonwealth's motion to continue. The prosecutor indicated that he was not prepared to proceed with trial because the Commonwealth's witnesses were unavailable on such short notice. He stated, for the record, that the Commonwealth first received notice on September 14 that the case was scheduled for trial. He explained that the clerk's office advised the Commonwealth to call on September 15 to determine whether the case would be going to trial on September 16.[2] The prosecutor stated that he learned at approximately 4 P.M. on September 15 that the case was scheduled for trial on September 17.

---

[1]It is unclear from the record whether the instant case was to follow a single case or two other cases.

[2]During this discussion, the judge asked the clerk whether this case was sent up for trial. The clerk responded, "To be honest with you, Judge, I just pulled the case from whatever session it was languishing in and sent it up. I knew one case was ready for trial. I can't honestly say what the status was of [this] case. I can't tell you [this] case had ever been heard for evidentiary motions which is obviously the usual course." We note that the indictment was

The judge questioned the prosecutor as to the steps that he took between September 14 and September 17 to secure the attendance of the two trial witnesses, a civilian and a police officer. The Commonwealth attempted to call its witnesses. The prosecutor stated that he reached the civilian witness by telephone on the afternoon of September 15, after several failed attempts. The prosecutor explained that the witness related that he had school and work obligations that week. The prosecutor stated that he told the witness that he would have to come to court. The prosecutor concluded that the witness, although displeased, stated that he would come when requested to do so.

With respect to the police officer, the prosecutor stated that he drafted a summons and sent it by facsimile transmission to the appropriate police station on September 14. The prosecutor stated that he received a message back from the officer that the officer would be out of the Commonwealth on vacation on September 17. The judge suggested that the prosecutor attempt to have the officer testify before he left for his vacation.[3] Alternatively, noting that the officer was not a percipient witness, the judge suggested that the prosecutor have another officer testify.

Satisfied with the resolution of these witness issues, the judge denied the Commonwealth's motion for a continuance and ordered the lawyers to return at 2 P.M. to empanel a jury. The prosecutor responded that he would not move for trial before confirming that the Commonwealth's witnesses would be able to attend. The judge advised him, "You're not moving for trial. We're holding the trial. We're holding the trial . . . ." The prosecutor did not seek a stay from the single justice pursuant to G. L. c. 211, § 3. Nor did he ask for time to do so.

When court reconvened at approximately 2 P.M., the prosecutor again told the judge that the Commonwealth was not moving for trial. Nevertheless, the judge began empanelling jurors. The prosecutor stated that he was not going to participate in the proceedings and asked for a stay of the proceedings. The judge denied the request. The prosecutor repeated that he would not participate in the proceedings because he had not moved for

returned in May, 1998, and thus was not a stale case. The case was scheduled for trial and this occurred in September, 1998.

[3]It is unclear whether the police officer was in the Commonwealth when the judge made this suggestion on September 16. It also was unclear whether he would be in the Commonwealth on September 17.

trial.[4] Defense counsel moved to dismiss, on the ground that the Commonwealth did not move for trial. The judge did not grant the motion, and continued with empanelment proceedings. Defense counsel exercised peremptory challenges, but the prosecutor continued to refuse to participate.

Immediately before the jurors were sworn, the prosecutor again asked for a stay. The request was denied and the jurors were sworn. The prosecutor did not ask the judge for time to seek a stay from an appellate court. The prosecutor then declined the opportunity to make an opening statement. The prosecutor refused to call any witnesses or to put on any evidence. The defendant then moved for a required finding of not guilty. The judge granted the required finding and ordered the defendant discharged unless held on some other process.

That afternoon, the Commonwealth filed a petition pursuant to G. L. c. 211, § 3, seeking relief from a single justice of this court.[5] The single justice stayed the discharge of the defendant that same day and heard argument the following day. He issued an order on September 18 vacating the stay of discharge and imposing bail with the conditions set by the Superior Court prior to trial. On October 27, the single justice rendered judgment and ordered that the docket entries reflecting the empanelment of a jury and the entry of a required finding of not guilty be vacated. He ordered that the case be reinstated to the list for trial.

The defendant timely filed notice of appeal and then purported to appeal pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995). We issued an order that rule 2:21 was "not applicable because the Superior Court judge's allowance of a motion for a finding of not guilty does not appear to be an interlocutory ruling," and because the single justice granted relief. However, as in *Powers* v. *Commonwealth*, 426 Mass. 534, 534 (1998), "because the defendant's [appeal] is based on a double jeopardy claim, successful appellate review after conviction would not provide adequate relief." The defendant pursued his appeal according to

---

[4]Appellate counsel for the Commonwealth was not trial counsel.

[5]After the defendant was placed in jeopardy, the Commonwealth correctly invoked G. L. c. 211, § 3, to test the claim of jeopardy. See *Fadden* v. *Commonwealth*, 376 Mass. 604, 606 (1978), quoting *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978) ("a criminal defendant who presents a double jeopardy claim of substantial merit is entitled to review of that claim before the second trial 'under our general superintendence power' ").

the regular appellate process. See *id.* at 534-535; *McGuinness* v. *Commonwealth*, 423 Mass. 1003, 1004 (1996).

2. The defendant first argues that reversing the decision of the Superior Court judge would place him in danger of double jeopardy. He argues that he has already been through a trial, which resulted in the judge's granting his required finding of not guilty. He states that remanding his case for trial would violate his right not to be placed in jeopardy twice for the same offense. See *Fadden* v. *Commonwealth*, 376 Mass. 604, 610 (1978); *Costarelli* v. *Commonwealth*, 374 Mass. 677, 681 (1978); *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 18-19 (1923). We agree.

It is a well-settled rule in this Commonwealth that, in a jury trial, jeopardy attaches when the jurors are sworn. *Commonwealth* v. *Johnson*, 426 Mass. 617, 624 (1998); *Lovett* v. *Commonwealth*, 393 Mass. 444, 447 (1984); *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976); *Commonwealth* v. *Brandano*, 359 Mass. 332, 334-335 (1971). Federal law is no different. *Richardson* v. *United States*, 468 U.S. 317, 325 (1984); *Serfass* v. *United States*, 420 U.S. 377, 388 (1975). Here, the defendant was placed in jeopardy. The defendant, set at bar, faced the risk and anxiety of trial by a jury of his peers. Jeopardy attached the moment that the jurors were empanelled and sworn.

3. The Commonwealth alleges that the judge committed three errors, and that, in light of these errors, the subsequent proceedings were bereft of meaning and must be vacated. Given these errors, the Commonwealth reasons, the defendant was never placed in jeopardy, and therefore may not invoke double jeopardy protections. See *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 287 (1995); *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 310 (1984). See also *People* v. *Edwards*, 97 Ill. App. 3d 407, 411 (1981) (applying double jeopardy clause in case where State refused to participate "would be to exalt form over substance"). These arguments have no merit.

a. The Commonwealth argues that the judge erred in denying the Commonwealth's motion for a continuance. We agree. Generally, " '[t]he decision whether to grant a motion to continue lies within the sound discretion of the trial judge . . . [and a] denial of a continuance will not constitute error absent an abuse of that discretion.' *Commonwealth* v. *Miles*, 420 Mass. 67, 85 (1995)." *Commonwealth* v. *Painten*, 429 Mass. 536, 543 (1999). "In considering a request for a continuance, a trial

judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276 (1973).

Here, it was an abuse of discretion not to allow the motion to continue. The parties received very short notice of the trial date. The prosecutor promptly attempted to contact the Commonwealth's witnesses to inform them of the trial date. With this short notice, it was difficult, if not nearly impossible, for the witnesses to be available.

We take this occasion to remind judges that witnesses, police officers, victims, and other participants in a trial should be accommodated to the extent possible without disrupting the orderly processing of criminal cases. It was unreasonable here to expect the Commonwealth to locate and produce witnesses for trial on such short notice. Witnesses are entitled to a greater degree of respect from the judiciary.

b. The Commonwealth insists that a judge lacks authority to empanel a jury until the Commonwealth formally moves for trial. The Commonwealth hinges its argument on G. L. c. 234, § 25, which governs the empanelment of juries and provides, in part, that jury selection may begin "[w]hen a case is ready for trial . . . ." The Commonwealth suggests that this language requires that, as a condition precedent to commencing a criminal trial, the prosecution answer ready for trial. We have never had such a requirement and refuse to impose one now.

The Commonwealth's interpretation of G. L. c. 234, § 25, must be read in light of the purpose of G. L. c. 278, § 1. General Laws c. 278, § 1, indicates that the district attorney does not have sole responsibility for developing trial lists for criminal cases. This statute requires that the district attorney make a list of cases to be tried and deposit the list with the clerk of the court. G. L. c. 278, § 1. Then, the statute provides that "[c]ases may be added to such list by direction of the court, *on its own motion* or upon motion of the district attorney or of the defendant" (emphasis added). *Id.* The clear intent of the statute is to empower courts to take an active role in determining the trial list.

The interpretation of G. L. c. 234, § 25, suggested by the Commonwealth violates several principles of statutory interpretation. "We seek to avoid a construction which would make

statutory language meaningless." *Commonwealth* v. *Maher*, 408 Mass. 34, 37 (1990), and cases cited. Further, where possible, we interpret statutes so as to "reasonably effect[] the purposes of both statutes." *Crocker* v. *Martha's Vineyard Comm'n*, 407 Mass. 77, 82 (1990).

In addition, the Commonwealth's suggestion places a sharp, unintended focus on the phrase "[w]hen a case is ready for trial . . . ." "None of the words of a statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute . . . ." *Risk Mgt. Found. of the Harvard Med. Insts., Inc.* v. *Commissioner of Ins.*, 407 Mass. 498, 503 (1990), quoting *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967). See *Plymouth County Retirement Ass'n* v. *Commissioner of Pub. Employee Retirement*, 410 Mass. 307, 312 (1991), quoting *Selectmen of Topsfield* v. *State Racing Comm'n*, 324 Mass. 309, 312-313 (1949) (we will not place undue emphasis on any group of words in statute). It is a strain to construe the phrase within its context as having the importance and power suggested by the Commonwealth. Because adopting the Commonwealth's suggested interpretation of G. L. c. 234, § 25, would violate several basic premises of statutory construction, we conclude that there is no requirement that the prosecution answer ready for trial as a condition precedent to commencing a criminal trial. Here, the case appeared on the list as of September 15. The judge decided to begin empanelment proceedings on September 16 without a motion for trial by the Commonwealth. There was no statutory bar to empanelment without a motion from the Commonwealth.

The Commonwealth also contends that this error has a constitutional dimension. Specifically, the Commonwealth argues that the judge violated the constitutional requirement of separation of powers. See art. 30 of the Massachusetts Declaration of Rights; *Commonwealth* v. *Gordon*, 410 Mass. 498, 501 (1991).

"Article 30 provides for a separation of powers among the branches of government, essentially giving the prosecutor broad discretion in deciding *whether* to prosecute a case" (emphasis added). *Commonwealth* v. *Pyles*, 423 Mass. 717, 719 (1996), citing *Burlington* v. *District Attorney for the N. Dist.*, 381 Mass. 717, 721 (1980). See *Commonwealth* v. *Gordon, supra* at 500-501, and cases cited (violation of art. 30 where judge accepted,

over Commonwealth's objection, plea to murder in the second degree from defendant charged in two indictments with murder in the first degree).

Here, the Commonwealth does not assert that the judge trampled on its right to decide *whether* to prosecute the case. Rather, the Commonwealth's complaint goes to the fact that the judge unilaterally dictated *when* the Commonwealth could prosecute the case. "[T]he prosecutor's broad discretion over whether a case is prosecuted must be considered in conjunction with the judiciary's wide discretion as to when a case goes to trial." *Commonwealth* v. *Taylor*, 428 Mass. 623, 629 (1999). Although it is preferable for the judge and the parties to reach a reasonable decision jointly regarding scheduling, the judge did not violate art. 30 by making a scheduling decision with little respect for the Commonwealth's request regarding timing. Indeed, allowing the district attorney (i.e., the executive branch of government) to control the court's docket is closer to an art. 30 violation than the claim made by the Commonwealth.

c. The Commonwealth alleges that the judge erred in prematurely granting the defendant's motion for a finding of not guilty. See Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). The Commonwealth contends that the judge had no authority to allow such a motion simply because the prosecutor refused to make an opening statement.

In making this argument, the Commonwealth has understated the facts of this case. The prosecutor did not merely decline the opportunity to make an opening statement. The Commonwealth refused to call any witnesses or to put on any evidence. The prosecutor affirmatively chose not to *participate* in the proceedings. Our criminal law rests on the principle that a defendant is presumed innocent until proved guilty. The prosecution bears that burden of proof. Here, given the prosecutor's refusal to participate in the proceedings, the prosecution had not carried its burden of proving the defendant guilty beyond a reasonable doubt. In these circumstances, the judge, having empanelled and sworn a jury, was not premature in entering a required finding of not guilty.

The prosecutor took a risk when he decided not to participate in the trial. The proper course for the Commonwealth would be to object and to seek a stay from the judge to seek relief pursuant to G. L. c. 211, § 3. See *Commonwealth* v. *Jenkins, post*

501, 504 n.7 (2000). A party may not simply refuse to participate in the proceedings. See *Bryce* v. *Superior Court*, 205 Cal. App. 3d 671, 672 (1988) ("A public prosecutor may seek judicial relief from procedures thought to be improper or unlawful, but [may] not unilaterally refuse to participate"); *People* v. *Torres*, 159 Cal. App. 3d Supp. 8, 13 (1984) (continuance properly denied where prosecution refused to proceed to trial). A party who refuses to participate in court proceedings risks losing.

4. The defendant was placed in jeopardy during the proceedings on September 16, 1998. Because the defendant may not be placed in jeopardy twice for the same offense, *Fadden* v. *Commonwealth*, 376 Mass. 604, 610 (1978); *Costarelli* v. *Commonwealth*, 374 Mass. 677, 681 (1978); *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 18-19 (1923), the judgment of the single justice is vacated. This matter is remanded to the county court for entry of judgment denying the Commonwealth's request for relief and for remand to the Superior Court for entry of a judgment of acquittal.

*So ordered.*