Barrett, J.
Plaintiff-appellant (“Vasconcellos”) was employed by defendant-appellee (“Fall River”) for several years as a tax collector and by this suit seeks compensation for 54 unused vacation days he alleges should have been paid upon his retirement. This appeal challenges the judgment in favor of Fall River, after trial.[1] We dismiss the appeal.
*181 In his capacity as a tax collector and because of his years of service, Vascon-cellos became entitled to 30 sick days in 1999.[2] He used only 23 3/4 of those days because the Collector’s Office was exceptionally busy that year. He received permission to carry 6 1/4 days into calendar year 2000. In 2000, Vas-concellos used 12 1/4 vacation days before August 29, when he fell ill. He was absent on sick leave and did not return to work in 2000. At the end of that year, he had 24 unused vacation days. Vasconcellos believes those 24 days should have been carried into 2001. In 2001, Vasconcellos became entitled to an additional 30 vacation days as a result of his employment for the preceding year. He did not return to work in 2001, nor did he use any vacation days during that year. At the end of 2001, Vasconcellos claimed entitlement to 54 vacation days (24 days not used in 2000 and 30 days unused in 2001). Fall River credited him with only the 30 days available to him in 2001. Vasconcellos earned additional vacation days in 2002 before he retired on July 31, 2002. The parties have stipulated that Vasconcellos was properly compensated for his vacation days for all of 2001 and 2002, leaving 54 days in dispute which, if compensable, would be at the rate of $250 per day.[3]
Several Fall River ordinances dictate how and when its employees’ vacation days are earned and used. Section 50-192 of Fall River Revised Ordinances provides that “[v]acation leave earned during any vacation year shall be credited on January 1 and shall be available during the next vacation year.” Vasconcellos’s claim relies upon §50-201 which reads, “Vacation credits shall accrue to an employee while on a leave with pay status or on industrial accident leave.” Vasconcellos interprets this ordinance to mean that employees on sick leave, unlike other employees, are allowed to accumulate vacation days in spite of §50-206 which states: “Under no circumstances shall vacation leave become cumulative.” The issue on appeal is whether the trial judge erred as a matter of law in his construction of the ordinances when he ruled in favor of Fall River, disallowing the accumulation of vacation days. We think the judge’s construction of the relevant ordinances was correct, and we uphold his finding.
Statutes and, by extrapolation, ordinances should be interpreted whenever possible so they are harmonious with one another and present a consistent body of law. Boston Hous. Auth. v. Labor Relations Comm’n., 398 Mass. 715, 718 (1986); Hadley v. Amherst, 372 Mass. 46, 51 (1977). Words should be given their ordinary meaning, and one word should not be emphasized over another. Bolsters. Comm’r of Corps. & Taxation, 319 Mass. 81, 84-85 (1946). The interpretation of one ordinance should not nullify another, when such an interpretation can be avoided. Walsh v. Comm’rs of Civil Serv., 300 Mass. 244, 246 (1938); Bartlett, infra at 286. Ambiguous or imprecise ordinances should be reasonably construed, with the goal of carrying out legislative intent. Bartlett v. Greyhound Real Estate Finance Co., 41 Mass. App. Ct. 282, 286 (1996), quoting Massachusetts Comm’n. Against Discrimination v. Liberty Mut. Ins. *182 Co., 371 Mass. 186, 190 (1976). In reconciling a discrepancy between ordinances, the interpretation of a general ordinance must yield to that of a specific one. Crocker v. Martha’s Vineyard Comm’n, 407 Mass. 77, 81, n.6 (1990); Pereira v. New England LNG Co., 364 Mass. 109, 118 (1973).
To adopt Yasconcellos’s position that vacation days are accruable would require us to ignore that plain language of §50-206: “Under no circumstances shall vacation leave become cumulative.” (emphasis added) His argument that being on sick leave creates an exemption to §50-206 because of what he sees as controlling language in §50-201 is unpersuasive. First, §50-206 could not be more on the issue of whether or not vacation days are accruable. Vas-concellos’ choice to overemphasize the word “accrue” in §50-201 may serve his purpose but such emphasis is inconsistent with the principles of statutory construction. Bolster, supra, 84-85. A sensible interpretation of §50-201, and one that gives effect to and does not contradict §50-206, is that an individual on sick leave will not be penalized because of his illness but will continue to “earn” vacation time while he is sick. Thus, an individual who has the misfortune of being ill for an entire year will still have earned the same number of vacation days during his illness as he would have had he been working. In either situation, those days will become available for use in the year following the illness or employment, but will not accumulate beyond that year. There is no evidence that §50-201 was intended to place sick employees in a better position than those who were working.
As the trial court properly noted, Vasconcellos himself acknowledged the validity and applicability of §50-206 when he sought permission to carry his vacation days into 2000. If these two ordinances were ambiguous or conflicting, and we think they are not, it was proper for the trial court to rely upon their past application to this very employee when determining their present meaning. See Town of Duxbury v. Duxbury Permanent Firefighters Assoc., Local 2167, 50 Mass App. Ct. 461, 464-465 (2000) (arbitrator looked to past practice of allowing accumulation of vacation days to resolve contract ambiguity) . That past application indicates that vacation days may not be accrued absent special permission.
The trial judge’s interpretation of these several ordinances was reasonable, consistent and without error. Accordingly, Yasconcellos’s appeal is dismissed.
So ordered.

 The matter was tried upon a stipulation of facts and issues.

 These days were actually earned in 1998 but became available for use in 1999.

 By this stipulation it would appear that Vasconcellos, having been compensated for his 2001 and 2002 vacation days, disputes only the 24 days not carried forward from 2000. However, the parties continue to refer to 54 days as being in dispute. This court, therefore, presumes, as did the trial court, that the stipulation of compensation covers the vacation days “earned” in 2001 and 2002 but available for use in the years following. This dispute then involves 24 days earned in 1999 and 30 days earned in 2000, which days became available in 2000 and 2001.