GEORGE B. HOLLUM, JR. *vs.* CONTRIBUTORY RETIREMENT
APPEAL BOARD & another.[1]

No. 99-P-1629.

Worcester. September 26, 2001. - November 9, 2001.

Present: MASON, SMITH, & KANTROWITZ, JJ.

*Retirement. Public Employment,* Retirement. *Statute,* Construction. *County,*
Correctional facilities, Retirement board. *Administrative Law,* Agency's
interpretation of statute.

An assistant deputy superintendent at a county jail and house of correction
who had direct responsibility for the care and custody of prisoners and
who had retired from that position with over twenty years of service with
county sheriffs' offices was eligible for augmented retirement benefits
pursuant to G. L. c. 32, § 28N, providing for such augmented retirement
benefits for "any" correction or jail officer employed by county sheriffs'
offices who had performed services in said offices for not less than twenty
years. [223-226]

CIVIL ACTION commenced in the Superior Court Department on
March 10, 1997.

The case was heard by *Thayer Fremont-Smith,* J., on a mo-
tion for judgment on the pleadings.

*Michael D. Badger* for the plaintiff.

*Judith A. Corrigan* for Public Employee Retirement Adminis-
tration Commission.

MASON, J. George B. Hollum, Jr., appeals from the dismissal
of his complaint against the Contributory Retirement Appeal
Board (CRAB) and the Public Employee Retirement Administra-
tion Commission (PERAC) by a Superior Court judge. The
complaint alleged that CRAB and PERAC had improperly
determined that Hollum was ineligible for the augmented retire-
ment benefits provided by G. L. c. 32, § 28N, even though he

[1]Public Employee Retirement Administration Commission, formerly the
Public Employee Retirement Administration. See St. 1996, c. 306, § 55.

had retired from his position as an assistant deputy superinten-
dent at the Worcester County jail and house of correction with
over twenty years of service with county sheriffs' offices. Sec-
tion 28N provides for such augmented retirement benefits[2] for
"any correction or jail officer employed by county sheriffs' of-
fices who has performed services in said office for not less than
twenty years." We reverse the judgment for the defendants and
remand for entry of judgment for Hollum.

*The facts.* The documents and other materials included in the
record show the following facts. Hollum was employed by the
Essex County sheriff's office from July 1, 1970, to June 22,
1990. Between June 25, 1990, and November 1, 1994, when he
retired for superannuation, he was employed by the Worcester
County sheriff's office. At the time of his retirement Hollum
was employed as an assistant deputy superintendent at the
Worcester County jail and house of correction.

The Worcester County sheriff's office is organized into three
units: deputy sheriffs, correctional officers at the Worcester
County jail and house of correction, and civilian employees at
the Worcester County jail and house of correction and at the
sheriff's office. Deputy sheriffs are police officers who may
serve as civil and criminal process servers or who may serve in
a formal law enforcement function at the Worcester County jail
and house of correction. Correction officers are uniformed
personnel who are charged with the care and custody of inmates
and have limited law enforcement authority. Civilian employees
are staff personnel who support the deputy sheriffs and cor-
rectional officers in carrying out their primary functions.

Assistant deputy superintendents at the Worcester County jail
and house of correction assume command of a department or
unit of the facility. In connection with such command, assistant
deputy superintendents supervise a number of correction offic-
ers of lower rank or grade, including captains, lieutenants,
sergeants, and officers, in the direct care and custody of

---

[2]Specifically, § 28N, as inserted by St. 1994, c. 36, provides that retirement
allowances calculated under the section "shall be increased by one-twelfth of
one percent for each full month of service in excess of twenty years service
and prior to the last day of the month in which such member will attain the
age of retirement."

prisoners. They also perform various administrative tasks in connection with operation of the facility, including fiscal management, property maintenance, processing and personnel activities. They are referred to as correctional officers by the Worcester County sheriff's office.

Shortly prior to his retirement, Hollum requested that the Worcester County retirement board (board) provide him with an estimated calculation of his retirement allowance, calculated pursuant to the provisions of G. L. c. 32, § 28N. The board requested that PERAC provide an opinion whether Hollum was entitled to have his allowance calculated pursuant to § 28N, and PERAC responded that Hollum was not entitled to have his allowance calculated pursuant to § 28N because he was employed as an assistant deputy superintendent rather than a correction or jail officer. PERAC reasoned that, while the term "correction or jail officer" is not defined in § 28N, the positions of "assistant deputy superintendent" and "correction officer" are listed separately in G. L. c. 32, § 3(2)(g), indicating the Legislature's intent to treat as distinct the two positions. PERAC further reasoned that "[i]f it were the intention of the [L]egislature that all employees of [county] correctional facilities were to be entitled to retire under the provisions of G. L. c. 32, § 28N, they would have expressly so stated."

Acting on behalf of Hollum, the board asked PERAC to reconsider its decision. PERAC reiterated its decision. Hollum then appealed to CRAB pursuant to G. L. c. 32, § 16(4). CRAB referred the matter for a hearing before a magistrate of the Division of Administrative Law Appeals. See G. L. c. 7, § 4H.

The magistrate upheld PERAC's determination. Like PERAC, the magistrate reasoned that if the Legislature had intended to include the position of assistant deputy superintendent within the positions covered by § 28N, it would have said so expressly.

Hollum filed objections to the magistrate's decision as permitted by G. L. c. 32, § 16(4). CRAB affirmed the magistrate's decision and adopted it as its own.

Hollum thereafter filed his complaint in Superior Court and moved for judgment on the pleadings. The judge denied Hollum's motion and allowed a cross motion by the defendants to dismiss the complaint, determining that the defendants' construc-

tion of § 28N was reasonable and, hence, was entitled to deference.[3]

*Discussion.* General Laws c. 32, § 28N, as inserted by St. 1994, c. 36, provides in pertinent part:

> "Notwithstanding the provisions of sections one to twenty-eight, inclusive, to the contrary, *any correction or jail officer* employed by county sheriffs' offices who has performed services in said office for not less than twenty years shall, at his own request, be retired by said retirement board [and be eligible for the augmented retirement benefits provided by this section]" (emphasis added).

On its face, the phrase "any correction or jail officer employed by county sheriffs' offices" would appear to include an officer, such as Hollum, who is assigned to a county correctional facility and charged with direct responsibility for the care and custody of prisoners. "The word 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive." *Fleck* v. *KDI Sylvan Pools, Inc.,* 981 F.2d 107, 115 (3d Cir. 1992), cert. denied sub nom. *Doughboy Recreational, Inc.* v. *Fleck,* 507 U.S. 1005 (1993), quoting from *Leach* v. *Philadelphia Sav. Fund Soc.,* 234 Pa. Super. 486, 491 (1975). See *United States* v. *Rosenwasser,* 323 U.S. 360, 362-363 (1945) ("any" employee means all employees under the Fair Labor Standards Act, unless specifically excluded).

Notwithstanding the use of the word "any" in § 28N, PERAC opined that § 28N was not applicable to Hollum because the positions of "assistant deputy superintendent" and "correction officer" are listed separately in G. L. c. 32, § 3(2)(*g*). Section 3(2)(*g*) provides for the classification of public employees in one of four numbered "groups" for retirement purposes.[4] Group 4, as appearing in St. 1996, c. 71, § 1, includes, among other persons:

---

[3]The defendants raised no issue as to whether Hollum had satisfied the twenty-year service requirement contained in § 28N.

[4]Persons classified in groups 2 and 4 attain maximum retirement allowances at an earlier age than those classified in group 1. See G. L. c. 32, § 5(2). Persons classified in group 3 (officers and inspectors of the Department of State Police) are subject to the separate retirement provisions set forth in G. L. c. 32, § 26.

"employees of the department of correction who are employed at any correctional institution or prison camp under the control of said department and who hold the position of correction officer, female correction officer, industrial instructor, recreation officer, assistant industrial shop manager, industrial shop manager, assistant to the supervisor of industries, supervisor of industries, senior correction officer, senior female correction officer, supervising correction officer, supervising female correction officer, prison camp officer, senior prison camp officer, supervising prison camp officer [or] assistant deputy superintendent. . . ."

Group 4 also includes "the sheriff, superintendent, assistant superintendent, assistant deputy superintendent and correction officers of county correctional facilities . . . ."

This separate listing of the assistant deputy superintendent job title in § 3(2)(*g*) cannot shed any light on the question whether § 28N was intended to include assistant deputy superintendents such as Hollum. There is nothing in § 3(2)(*g*) which indicates that it was designed or intended for any such purpose.

The hearing magistrate further reasoned that, if the Legislature had intended to include the position of assistant deputy superintendent within the ambit of eligibility for the augmented retirement benefit provided by § 28N, it would have said so expressly or, alternatively, adopted the language in G. L. c. 32, § 28M, which was enacted two years prior to § 28N. Section 28M makes augmented retirement benefits available to certain employees of the Commonwealth's Department of Correction. More specifically, G. L. c. 32, § 28M, as inserted by St. 1992, c. 164, provides that such augmented retirement benefits shall be available to "any employee of the department of correction, classified under Group 4, whose major responsibilities include the care and custody of prisoners."[5] The magistrate stated:

"Had the General Court intended to include the position of assistant deputy superintendent as being eligible for the

---

[5]The augmented retirement benefits provided by § 28M are precisely the same as those provided by § 28N — i.e., one-twelfth of one percent for each full month of service in excess of twenty years of service.

section 28N benefit, it could have included it or adopted the language in section 28M and included all group 4 employees with the major responsibility of having the care and custody of prisoners. Since they did not, section 28N must be interpreted to restrict eligibility for this benefit to correction or jail officers employed by the county sheriffs' offices."

As we have noted previously, however, § 28N uses the comprehensive word "any." In light of this language, we must construe the section as including employees such as Hollum because they are not expressly excluded, rather than as excluding employees such as Hollum because they are not expressly included. This is the natural meaning of the word "any."[6]

Moreover, we can discern no reason, and CRAB has suggested none, why the Legislature would have wanted to include assistant deputy superintendents charged with the care and custody of prisoners in the group of persons employed by the Department of Correction who are eligible for the augmented retirement benefits provided by § 28M, but exclude assistant deputy superintendents charged with the care and custody of prisoners from the group of persons employed by county sheriffs' offices who are eligible for the augmented retirement benefits provided by § 28N. It is a familiar principle that statutes should be construed to avoid such inconsistent and incongruous results, if possible. See *Telesetsky* v. *Wight*, 395 Mass. 868, 873 (1985); *Acting Superintendent of Bournewood Hosp.* v. *Baker*, 431 Mass. 101, 104 (2000).

We are mindful of our obligation to accord substantial deference to an agency's interpretation of a statute committed to its charge so long as the agency's interpretation is reasonable. See, e.g., *Hayes* v. *Retirement Bd. of Newton*, 425 Mass. 468, 470 (1997). Nevertheless, we cannot ignore a statute's plain words or construe it to produce an illogical result. *ROPT Ltd. Partnership* v. *Katin*, 431 Mass. 601, 603 (2000). In the present case,

---

[6]As Hollum points out, construing § 28N in the manner suggested by the magistrate would exclude not only assistant deputy superintendents such as Hollum; but also all captains, lieutenants and sergeants assigned to the Worcester County jail and house of correction and charged with the care and custody of prisoners. Any such exclusion would be equally inconsistent with the use of the word "any" in § 28N.

§ 28N applies on its face to "any" correction or jail officer employed by a county sheriff's office. Hollum was employed in such a capacity and had direct responsibility for the care and custody of prisoners. We therefore can see no basis for denying him the benefit of the statute.

The judgment for the defendants is reversed, and a new judgment shall enter remanding the case to CRAB for the entry of a decision in favor of the plaintiff.

*So ordered.*