KRISTIN MACKAY *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another[1] (and a companion case[2]). Nos. 00-P-1252 & 01-P-1839. December 30, 2002. *School and School Committee,* Retirement benefits. *Public Employment,* Retirement. *Retirement. Social Worker. Administrative Law,* Agency's interpretation of statute, Judicial review. *Statute,* Construction. *Words,* "Teacher."

Kathleen Manning and Kristin Mackay, two social workers in the Massachusetts public schools, attempted to purchase credit in the teachers' retirement system for out-of-State service they had performed earlier in their careers. In both cases, the Teachers' Retirement Board (board) declined to let them do so, and the board's decision was upheld on their appeals to the Contributory Retirement Appeal Board (CRAB). In later appeals to the Superior Court, Manning prevailed but Mackay did not. We conclude that both were entitled to purchase credit for their out-of-State service. Consequently, we reverse the decision in Mackay's case and affirm, albeit on different grounds, the decision in Manning's.

From 1981 through 1988, Mackay was a social worker in the California public schools. In 1988, she began employment as a social worker in the Lunenberg public schools, a position she holds today. In 1996, she sought to purchase credit in the teachers' retirement system for her California public school service pursuant to G. L. c. 32, § 3(4). The board denied her request on grounds that social workers did not become statutorily eligible for the benefits found in § 3(4) until 1990 and that all of her out-of-State service had occurred before that date. She unsuccessfully appealed to CRAB, and then to the Superior Court, both of which ruled that the statute making social workers eligible for the provisions of § 3(4) was not retroactive.

Manning began her career in Massachusetts, serving from 1974 through 1978 as a "school adjustment counselor" in the Melrose public schools. She then moved to Fort Lauderdale, Florida, and was employed as a "Visiting Teacher/Social Worker" in that city's public school system. Upon returning to Massachusetts in 1984, Manning began working as a school adjustment counselor in the Needham public schools before moving to the Waltham public schools in 1986 to assume the position of school adjustment counselor/ school social worker she has held ever since. In 1997, she, like Mackay, sought to obtain credit in the teachers' retirement system for the two years she worked in Florida. As in the case of Mackay, the board denied her request on retroactivity grounds. CRAB upheld the board's decision, but the Superior Court reversed without reaching the retroactivity issue.[3]

The provisions of G. L. c. 32 govern eligibility for retirement and retire-

---

[1]Teachers' Retirement Board.

[2]Kathleen Manning *vs.* Contributory Retirement Appeal Board & Teachers' Retirement Board.

[3]Manning had argued that, even if the relevant statute were not retroactive, the position she held in Florida was the functional equivalent of a "school adjustment counselor" in the Massachusetts public schools. "School adjustment counselors," she argued, had been eligible at all material times to utilize the provisions of § 3(4). Therefore, she claimed, considerations of retroactivity did not prevent her from utilizing them to obtain credit for Florida service. The board and CRAB rejected her "functional equivalent" argument. A judge in the Superior Court, however, accepted the argument and concluded that the Florida service was indeed the functional equivalent of service

ment benefits available to teachers and many other public employees. General Laws c. 32, § 3(4), provides that "any" member of the teachers' retirement system[4] employed "in a teaching position" who previously "rendered service . . . as a teacher" in another State "for any previous period" may "pay into the annuity savings fund of the [teacher's retirement] system" an amount equal to the principal and interest that the fund would have held if (1) the out-of-State service had occurred in Massachusetts public schools, (2) deductions for the fund had been made contemporaneously, and (3) those deductions had earned the interest that all other sums in the fund had earned between the time of the deduction and the time of the payment. Upon making that payment, the member receives credit for the out-of-State service when eligibility for retirement and retirement benefits are calculated in accordance with G. L. c. 32. See, e.g., G. L. c. 32, §§ 6, 10.

The definition of "teacher" for purposes of § 3(4), and all other provisions of c. 32, is contained in G. L. c. 32, § 1. Until 1990, that definition did not include "school social workers." They were added to the definition by St. 1990, c. 110, § 1.[5] Inclusion of "school social workers" in the definition, the board and CRAB assert, gave social workers new substantive rights, including the rights contained in § 3(4). Accordingly, both agencies claim that, under familiar principles, those new rights are not available with respect to service in other States that occurred before the definition was amended.[6] See, e.g., *Child Support Enforcement Div. of Alaska* v. *Brenckle*, 424 Mass. 214, 219-220 (1997).

We typically defer to CRAB's expertise and accord " 'great weight' to [its] interpretation and application of the statutory provisions it is charged with administering." *Lisbon* v. *Contributory Retirement Appeal Bd.*, 41 Mass. App. Ct. 246, 257 n.10 (1996). But "[j]udicial deference to an agency's action 'is not a principle of abdication,' " *DiNatale* v. *Contributory Retirement Appeal Bd.*, 39 Mass. App. Ct. 401, 404 n.2 (1995), quoting from *Board of Educ.* v. *School Comm. of Amesbury*, 16 Mass. App. Ct. 508, 514 (1983), and ours is the power to determine pure questions of law. See *Raytheon Co.* v. *Director of the Div. of Employment Security*, 364 Mass. 593, 595 (1974); G. L. c. 30A, § 14(7). Here, we conclude that Manning and Mackay's effort to buy credit for their out-of-State service was not barred by principles of retroactivity and that CRAB's contrary conclusion was an error of law brought about by its application of retroactivity principles to § 3(4) instead of applying those principles to § 1.

as a "school adjustment counselor," and that she was entitled to buy credit for Florida service. Because of the result we reach, we have no need to address the motion judge's approach.

[4]See G. L. c. 32, §§ 2, 3(2), 20(2).

[5]More precisely, the definition of "teacher" in § 1 now, and since 1990, has included a "school social worker appointed under" G. L. c. 71, § 46G, as amended by St. 1990, c. 110, § 3, even though § 46G was repealed in 1995. St. 1995, c. 209, § 4. CRAB and the board, however, agree that all "school social workers" are included within the definition of teacher.

[6]There is no suggestion that either Manning or Mackay held something other than a "teaching position" at the time they sought to avail themselves of the benefits of § 3(4). There also is no challenge to Manning or Mackay's present claim that their out-of-State service was social worker service and, thus, service as a "teacher" under the amended definition.

There can be no doubt about the solely prospective operation of the statutory amendment that brought "school social workers" within the definition of teachers contained in c. 32, § 1. See *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914). That amendment substantively enhanced the benefits available to "school social workers" by allowing them to participate in the program § 3(4) describes. Therefore, a school social worker who left employment the day before the amendment's effective date was not a "teacher" at the time of his or her departure and was not entitled to participate in that program. Cf., e.g., *Lawton* v. *Commonwealth Gas Co.*, 400 Mass. 209, 212 (1987).

But the forward-looking addition of social workers to the definitional ranks of teachers did not somehow limit the benefits available to them. On the contrary, § 3(4) says that "any" eligible teacher "who is employed in a teaching position" may purchase credit for service rendered in another State "for any previous period" by making the required payments. The quoted language means that eligibility to participate in the program is determined by one's status on the date one applies, see *White* v. *Boston*, 428 Mass. 250, 255 (1998); cf. *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 35-36 (1977), and eligible social workers, like all other "teachers," are entitled to purchase credit for "any previous period" of service. The word "any" reaches broadly, see *Hollum* v. *Contributory Retirement Appeal Bd.*, 53 Mass. App. Ct. 220, 224-225 (2001), and evinces no legislative intent to distinguish between and among the periods of out-of-State service available to "any" eligible person. "Where the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 819 (1984). Had the Legislature intended to constrict the meaning of "any" by placing the unique and stringent limitations CRAB would place on the benefits social workers may buy, and, in the process, create a new statutory benefit for which no one was eligible on the statute's effective date, it could easily have said so. Cf. *Brookline* v. *Commissioner of the Dept. of Envtl. Quality Engr.*, 398 Mass. 404, 414 (1986).

The judgment in 2000-P-1252 is reversed, and a new judgment shall enter remanding the case to CRAB for the entry of a decision in favor of the plaintiff. The judgment in 2001-P-1839 is affirmed.

*So ordered.*

*Brian A. Riley* for Kristin Mackay.
*Leigh A. Panettiere* for Kathleen Manning.
*James C. O'Leary, Jr.,* for the defendants.