CAROLE BUCHANAN *vs.* CONTRIBUTORY RETIREMENT APPEAL
BOARD & another.[1]

No. 04-P-990.

Suffolk. June 3, 2005. - December 6, 2005.

Present: LAURENCE, DUFFLY, & KATZMANN, JJ.

*Administrative Law,* Judicial review, Agency's interpretation of statute, Substantial evidence. *Retirement. Public Employment,* Retirement. *Contributory Retirement Appeal Board.*

Statement of the standard of judicial review under G. L. c. 30A of an agency decision. [246]

The Contributory Retirement Appeal Board correctly concluded that a State employee could not receive credit toward superannuation retirement under G. L. c. 32, § 14(1)(*c*), for time earned as a result of a lump sum settlement agreement in worker's compensation proceedings, where the record reflected that the settlement was in lieu of partial disability payments, and not in lieu of total disability payments, as required by the statute. [246-249]

CIVIL ACTION commenced in the Superior Court Department on April 16, 2002.

The case was heard by *Carol S. Ball,* J., on a motion for judgment on the pleadings.

*Thomas F. Gibson* for the plaintiff.

*Susan S. Riedel,* Assistant Attorney General, for Contributory Retirement Appeal Board & another.

KATZMANN, J. In this administrative appeal, brought pursuant to G. L. c. 30A, Carole Buchanan contests the decision of the Contributory Retirement Appeal Board (CRAB) that she does not qualify for superannuation retirement. Buchanan claims that CRAB improperly failed to credit her under G. L. c. 32, § 14, for time earned as a result of a lump sum settlement agreement in her worker's compensation proceedings. G. L. c. 152, § 48. We affirm CRAB's decision.

[1]State Board of Retirement.

*Facts.* CRAB found the following facts. Buchanan worked as a service coordinator for the Department of Mental Retardation (DMR) from May, 1987, to November, 1993, when she became disabled due to major depression. She made monthly contributions to the retirement system throughout that time, and continuing through February, 1994. Buchanan then applied to the Department of Industrial Accidents (DIA) for worker's compensation benefits. On April 19, 1996, the DIA issued an order and decision awarding her total incapacity benefits under G. L. c. 152, § 34, from November 4, 1993, to June 12, 1995, and partial incapacity benefits under G. L. c. 152, § 35, "from June 13, 1995 to date and ongoing." On March 7, 1997, the DIA approved a lump sum settlement agreement pursuant to G. L. c. 152, § 48, between Buchanan and DMR, under which Buchanan would be paid a lump sum of $50,000 in place of her weekly payments.[2] In return, Buchanan would be placed on de facto medical leave until January 31, 2001, by which date Buchanan would retire or resign from her position. On September 10, 1999, Buchanan filed an application for superannuation retirement with the State Board of Retirement (SBR). The SBR rejected the application because she did not have the equivalent of ten full years of service. It calculated that Buchanan had accrued six years and ten months' credit during her employment plus another one year and four months' credit while she received total disability payments, totaling only eight years and two months. It did not credit her either for the time during which she received partial disability payments or the time represented by the lump sum settlement, based on its conclusion that G. L. c. 32, § 14 — the statute governing such credit — did not apply to payments for partial disability.

On February 7, 2000, Buchanan appealed the SBR's decision to the Division of Administrative Law Appeals, claiming that under G. L. c. 32, § 14, she should have been credited with enough time under the lump sum settlement to reach the ten-year threshold for superannuation retirement. After a hearing, the administrative magistrate ruled in favor of the SBR. Buchanan then appealed to CRAB, which on March 21, 2002, likewise

---

[2]Whether this lump sum was given in place of partial or total incapacity benefits is the question we address in this appeal.

affirmed the SBR. Finally, pursuant to G. L. c. 30A, Buchanan appealed CRAB's ruling to the Superior Court, which also ruled in favor of the SBR on May 12, 2003.

*Standard of review.* Judicial review under G. L. c. 30A of an agency decision is narrow and deferential to the agency. *Mackay* v. *Contributory Retirement Appeal Bd.*, 56 Mass. App. Ct. 924, 925 (2002). A court accords "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." *Lisbon* v. *Contributory Retirement Appeal Bd.*, 41 Mass. App. Ct. 246, 257 (1996), quoting from *Flint* v. *Commissioner of Pub. Welfare*, 412 Mass. 416, 420 (1992). Courts also grant special deference to the agency's interpretation of the statutory scheme it is charged with administering. *Tri-County Youth Programs, Inc.* v. *Acting Deputy Director of the Div. of Employment & Training*, 54 Mass. App. Ct. 405, 408 (2002). *Mackay*, 56 Mass. App. Ct. at 925. In most instances, the agency's decision will be upheld if it is supported by substantial evidence. See *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595 (1974); *Tri-County Youth Programs, Inc.*, 54 Mass. App. Ct. at 408. However, when pure questions of law are at issue, courts exercise de novo review. See *Raytheon Co.*, 364 Mass. at 595; *Mackay*, 56 Mass. App. Ct. at 925.

*Discussion.* Buchanan claims that CRAB erred in refusing to give her credit toward superannuation retirement for her lump sum settlement, under the provisions of G. L. c. 32, § 14(1)(*c*). The question in this case is whether § 14(1)(*c*) applies to her settlement.

General Laws c. 32, § 14(1)(*c*), states that an employee identified under G. L. c. 32, § 14(1)(*a*), who elects to receive a lump sum settlement instead of weekly disability payments is credited with time toward superannuation retirement.[3] Section 14(1)(*a*) explains that a member who receives "weekly payments for total incapacity," remains active in the retirement

---

[3]The relevant portion of G. L. c. 32, § 14(1)(*c*), inserted by St. 1945, c. 658, § 1, states: "Whenever such member receives an amount of lump sum settlement payable directly to him under the provisions of section forty-eight of chapter one hundred and fifty-two in lieu of weekly payments, the period represented thereby shall [be calculated according to the given formula]." General Laws c. 32, § 14(1)(*a*), describes who is a "member."

system.[4] Thus, for § 14(1)(c) to apply to Buchanan's lump sum settlement, the settlement must be one in lieu of weekly payments for total disability. Because the settlement agreement is ambiguous as to whether it is in lieu of partial or total disability payments, we look to the agreement as a whole, in a reasonable and practical way, to determine the intent of the parties. See *USM Corp.* v. *Arthur D. Little Sys., Inc.*, 28 Mass. App. Ct. 108, 116 (1989).

Although we need not defer to their conclusions,[5] we note that the administrative magistrate, CRAB, and the Superior Court judge all concluded that Buchanan's settlement was in lieu of partial disability payments. The Superior Court judge took note of the fact that the DIA had awarded Buchanan weekly payments for total disability from November 4, 1993, to June 12, 1995, and for partial disability from "June 13, 1995 to date and ongoing." Thus, Buchanan was receiving partial disability payments at the time of the lump sum settlement. This suggests that the settlement was intended to represent the series of partial disability payments Buchanan would have received between the date of the agreement and her retirement date. Further, the administrative magistrate observed that the lump sum settlement of $50,000 was in exchange for Buchanan's promise to retire on or before January 31, 2001, and that the value of the settlement was approximately equal to what Buchanan would have received if she had simply been paid her weekly partial disability payments for the period between the date of the settlement and her retirement date. Given this evidence, the reasonable and practical reading of the agreement is that the parties to the settlement intended it to be one in lieu of partial disability payments.

---

[4]Weekly payments for partial disability under G. L. c. 152, § 35, do not qualify. General Laws c. 32, § 14(1)(a), inserted by St. 1945, c. 658, § 1, states, in relevant part: "Any employee who was a member in service at the time of sustaining an injury or undergoing a hazard on account of which he becomes entitled to payments under the provisions of chapter one hundred and fifty-two shall, during the period while he is receiving weekly payments for *total incapacity* . . . retain all the rights of a member in service . . ." (emphasis added).

[5]Because the interpretation of the terms of a contract or agreement is a pure question of law, we exercise de novo review over this issue. See, e.g., *USM Corp.*, 28 Mass. App. Ct. at 116; *Cady* v. *Marcella*, 49 Mass. App. Ct. 334, 337-338 (2000).

CRAB was correct to refuse Buchanan credit for the lump sum agreement.

Buchanan's argument to the contrary is unpersuasive. She contends that a single statement in the agreement requires it to be construed as one in lieu of total disability payments, because any other construction would render the statement meaningless. The statement reads: "Buchanan shall utilize her accrued retirement time [and] the Lump Sum amount in accordance with the provisions of M. G. L. c. 32, § 14(1)(c) to yield the maximum creditable time." Buchanan, however, overlooks the fact that § 14(1)(c) only credits time for lump sum settlements made pursuant to G. L. c. 152, § 48. That statute authorizes employers to "redeem any liability for compensation" by means of a lump sum payment, according to certain procedures. G. L. c. 152, § 48(1), as appearing in St. 1991, c. 398, § 74. The only "liability for compensation" of which there is any evidence in the record is the DIA order for total and then partial disability payments. By the time the lump sum agreement was made, the only outstanding liability that Buchanan could possibly have redeemed under G. L. c. 152, § 48, was the ongoing partial disability award. There was simply no total disability liability at that time to redeem.[6]

Relying on *DiNatale* v. *Contributory Retirement Appeal Bd.*, 39 Mass. App. Ct. 401, 407-408 (1995), Buchanan argues that any lump sum settlement in which an employee gives up the "potential right" to file a claim for total disability is effectively a lump sum settlement in lieu of total disability payments, and should thus be credited toward superannuation retirement. The simplest response is that *DiNatale* had nothing to do with the difference between total and partial disability payments for the purposes of lump sum agreements. It was apparently uncontested in *DiNatale* that the employee's worker's compensation payments qualified for credit under G. L. c. 32, § 14(1)(c), and the court never addressed the issue. Consequently, *DiNatale* does

---

[6]Of course, had the settlement actually been in lieu of total disability payments, G. L. c. 32, § 14, would have required CRAB to credit time for the settlement. CRAB is not bound by statements of legal opinion in settlement agreements, but it is bound by statutory requirements. See *DiNatale* v. *Contributory Retirement Appeal Bd.*, 39 Mass. App. Ct. 401, 409 (1995).

not support Buchanan's theory that she gave up some residual potential claim under her settlement, or that such a claim would convert her settlement to one for total disability under § 14(1)(*c*).

*Conclusion.* Buchanan's lump sum settlement was in lieu of partial disability payments. The record reflects that the lump sum settlement could be viewed as representing an amount approximately equal to the partial disability payments that Buchanan would have received between the date of the settlement and the date of her retirement. The only language to the contrary anywhere in the entire agreement is a single sentence, Buchanan's interpretation of which conflicts with the language of G. L. c. 152, § 48. CRAB properly concluded that Buchanan should not receive credit for her lump sum settlement and that she failed to meet the ten-year requirement for superannuation retirement.

*Judgment affirmed.*