JAMES G. CLOTHIER & another[1] vs. TEACHERS' RETIREMENT
BOARD & another.[2]

No. 09-P-1731.

Suffolk. September 8, 2010. - October 20, 2010.

Present: GRASSO, SMITH, & GRAHAM, JJ.

*Teachers' Retirement Board. Negligence,* Misrepresentation. *School and School Committee,* Retirement benefits. *Public Employment,* Retirement benefits.

In a civil action brought by a retired teacher against the Teachers' Retirement Board (board), alleging that the board was negligent and misrepresented the teacher's eligibility to purchase service credit for his time as a teacher in the New York State public school system, and his consequent retirement benefits, the judge did not err in granting summary judgment in favor of the board, where a question on the application to purchase service credit asking whether the teacher had retirement contributions on deposit in another State's retirement system was neither a statement nor a factual representation as to the teacher's eligibility or entitlement to such credit, and where, even if that question could be viewed as a statement of material fact, the teacher could not reasonably rely on it for guidance as to his eligibility to purchase credit or the amount of his future pension, in that G. L. c. 32 defines and limits the benefits to which the teacher was entitled. [145-146]

CIVIL ACTION commenced in the Superior Court Department on April 28, 2006.

The case was heard by *John C. Cratsley,* J., on motions for summary judgment.

*Matthew D. Jones* for the plaintiffs.

*Catherine E. Sullivan,* Assistant Attorney General, for the defendants.

GRASSO, J. James G. Clothier (Clothier) appeals from a judgment in favor of the Teachers' Retirement Board (TRB) on claims alleging negligence, breach of fiduciary duty, negligent

[1]Margaret Clothier.

[2]Commonwealth of Massachusetts.

misrepresentation, and negligent infliction of emotional distress.[3] A judge of the Superior Court concluded that Clothier's action was barred by claim preclusion arising from a judgment in an earlier action wherein Clothier unsuccessfully challenged TRB's reduction of his retirement benefits. We affirm the judgment in favor of the defendants on grounds different from those relied on by the Superior Court judge.[4]

1. *Background.* Clothier worked as a teacher in the New York State public school system from 1968 until 1986. During that time, he earned a pension funded by contributions solely from his employer. After relocating to Massachusetts in 1986, Clothier became a public school teacher in the Martha's Vineyard Regional School District and began contributing to the Massachusetts Teachers' Retirement System (MTRS).

In 1992, Clothier applied to the TRB for the purchase of ten years of creditable service in the MTRS pursuant to G. L. c. 32, § 3(4), on account of his prior public school teaching in New York State. In his application, Clothier responded "No" to the question that asked, "Do you have retirement contributions on deposit in another state's retirement system?" The TRB allowed the application, and Clothier purchased ten years of creditable service in 1993, paying $18,502.14.

In 2000, Clothier became eligible and began to receive his New York State pension. In 2002, Clothier applied for superannuation retirement in Massachusetts and also began to receive Massachusetts retirement benefits. During a routine audit, the TRB discovered that, in contravention of G. L. c. 32, § 3(4), Clothier was collecting a retirement benefit from New York State and from Massachusetts for the same ten-year service period on account of his purchase of credit for New York State service. Pursuant to G. L. c. 32, § 20(5)(c)(2), the TRB cor-

---

[3]Resolution of Margaret Clothier's claim for loss of consortium is governed in all material respects by our disposition of Clothier's claims.

[4]We pass over whether principles of claim preclusion or issue preclusion are fatal to Clothier's claims. See *Bagley* v. *Moxley*, 407 Mass. 633, 636-638 (1990). We also need not resolve the Commonwealth's contention that negligent misrepresentation is not a claim for "injury or loss of property or personal injury" as to which the Commonwealth has waived sovereign immunity under G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15, and G. L. c. 258, § 10(c).

rected the double payment error, reduced Clothier's annual benefits, and refunded his service credit purchase money.

Clothier's appeal to the Contributory Retirement Appeal Board (CRAB) from the reduction of his pension was unsuccessful, as was his appeal to the Superior Court, which determined that he was receiving all the retirements benefits to which he was entitled. Clothier did not appeal from the Superior Court judgment.

In 2006, Clothier instituted these claims under the Massachusetts Tort Claims Act. See G. L. c. 258, § 2.

2. *Discussion.* Clothier's action, however characterized, is predicated on the contention that the TRB was negligent and misrepresented his eligibility to purchase service credit and his consequent retirement benefits. He asserts that as a result of TRB's negligence and misrepresentation he retired from Massachusetts earlier than he otherwise would have and that he suffered financial harm and emotional distress. We see no merit to his assertions.

Clothier's claims rest on fundamentally flawed premises. The application question, "Do you have retirement contributions on deposit in another state's retirement system?" is neither a statement nor a factual representation as to his eligibility or entitlement to purchase service credit. See *Kitner* v. *CTW Transp., Inc.,* 53 Mass. App. Ct. 741, 749 (2002). Rather, it is a request for information to assist the TRB in determining his statutory eligibility to purchase credit for years of service in another State. See G. L. c. 32, § 3(4) (having contributions in another State's retirement system affects an individual's ability to purchase credit). Beyond failing to represent Clothier's eligibility to purchase credit, the question is neither false nor misleading. See *Gossels* v. *Fleet Natl. Bank,* 453 Mass. 366, 372 (2009); *Townsends, Inc.* v. *Beaupre,* 47 Mass. App. Ct. 747, 754-755 (1999). The question does not limit itself to *employee* contributions to the New York State retirement system, but asks whether contributions are "on deposit" without differentiation as to source.[5]

---

[5]Although not necessary to our decision, we note that Clothier knew that his employer had made contributions to the New York State retirement system on his behalf and that he was entitled to a pension from New York.

More fundamentally, even if viewed as a stat ment of material fact, the application question is not something t at Clothier could reasonably rely upon for guidance as to his eligi ility to purchase credit or the amount of his future pension. See *} arrington* v. *Fall River Hous. Authy.*, 27 Mass. App. Ct. 301, 309 1989). Clothier's entitlement to retirement benefits and the amoun of such benefits is governed entirely by G. L. c. 32. See *Macka* v. *Contributory Retirement Appeal Bd.*, 56 Mass. App. Ct. 924, 924-925 (2002). Because the statute defines and limits the benefits o which Clothier and other like retirees are entitled, those ber ʒfits are a legal determination that may not be enlarged, even ɔy an erroneous interpretation by the TRB or any of its emplo; ees. See *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. A. thy.*, 387 Mass. 687, 693-694 (1982); *Bristol County Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 65 Mass. App. C :. 443, 448-449 (2006). Consequently, Clothier can neither clai ɪ entitlement to, nor reasonably rely upon, a retirement benefit w ɪen the statutory language does not provide for it.[6] See *Madden* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 697, 701 (2( )0); *Hollstein* v. *Contributory Retirement Appeal Bd.*, 47 Mass. ⱥ ɔp. Ct. 109, 111 (1999).

*Judgɪ ent affirmed.*

---

[6]As resolved in his earlier action, Clothier is ineligible fɾ ˙ the greater retirement benefits that he initially received. See G. L. c. 32,   3(4) (a recipient cannot obtain credit or payment for any service in anc her State if he is "entitled to receive a retirement allowance" from that Stat ).